UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>v.<br><br>DANIEL KAISER and STEPHEN H. ROEBUCK,<br><br>            Defendants. | 2:08-CV-888 JCM (LRL) |

**ORDER**

Presently before the court is plaintiff Securities and Exchange Commission's (hereinafter "S.E.C.") motion for summary judgment on the issue of monetary remedies. (Doc. # 45). To date, defendant Stephen H. Roebuck has not filed an opposition.

On July 14, 2008, this court entered a consent judgment against defendant Stephen H. Roebuck (hereinafter "Roebuck"), permanently enjoining defendant Roebuck from committing future violations of the anti-fraud provisions of Section 17(a) of the Securities Act of 1933 (hereinafter "Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, the registration provisions of Section 5 of the Securities Act, 15 U.S.C. 77e, and the penny stock offering provisions of Section 20(g) of the Securities Act, 15 U.S.C. § 77t(g) and Section 21(d)(6) of the Exchange Act, 15 U.S.C. § 78u(d)(6). (Doc. # 9). This court also ordered defendant Roebuck to pay disgorgement of all ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant

**James C. Mahan**
**U.S. District Judge**

1  to Section 20(d) of the Securities Act, 15 U.S.C. 77t(d) and Section 21(d)(3) of the Exchange Act,
2  15 U.S.C. 78u(d)(3). This court further ordered that it shall determine the amounts of the
3  disgorgement and civil penalty upon motion of plaintiff Securities and Exchange Commission.
4  (Doc. # 9).

5        While the failure of an opposing party to file points and authorities in response to any motion
6  shall constitute a consent to the granting of the motion under LR 7-2(d), defendant's failure to file
7  an opposition is an insufficient ground for summary judgment. *See Martinez v. Stanford,* 323 F.3d
8  1178, 1182 (9th Cir. 2003). Before this court can grant the motion, it must evaluate its merit.

9        Summary judgment is appropriate when, viewing the facts in the light most favorable to the
10 nonmoving party, there is no genuine issue of material fact which would preclude summary
11 judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden,
12 it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions,
13 answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue
14 for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c). This court finds
15 that plaintiff has satisfied its burden.

16       The plaintiff requests the court to order Roebuck to pay disgorgement in the amount of
17 $993,207.00, together with pre-judgment interest of $197,030.79, for total of $1,190,237.79, together
18 with a civil penalty in the amount of $130,000. (Doc. # 45).

19       According to the Ninth Circuit, a district court has broad equitable powers to order the
20 disgorgement of ill-gotten gains obtained through violation of federal securities laws. *SEC v. JT*
21 *Wallenbrock,* 440 F.3d 1109,1113 (9th Cir. 2006). Disgorgement is designed to prevent unjust
22 enrichment and deterrence by making violations unprofitable. *Id.* A disgorgement calculation
23 requires only a "reasonable approximation of profits causally connected to the violations." *Id*. at
24 1113-14.

25       Here, plaintiff S.E.C. seeks an order that Roebuck disgorge $993,207, consisting of the
26 proceeds he received from the sale of stock during the period of the fraud. The amount of
27 those proceeds is specifically alleged in paragraphs 47 and 50 of the complaint, and must be
28

**James C. Mahan**
**U.S. District Judge**

1  accepted as true for purposes of this motion, as defendant Roebuck acknowledged in his consent, the
2  allegations of the complaint shall be accepted as and deemed true by the court for the purposes of
3  disgorgement and civil penalties. (Doc. # 4). Additionally, defendant Roebuck consented to, and
4  this court ordered, the imposition of pre-judgment interest, calculated from November 2, 2005, based
5  on the rate of interest used by the Internal Revenue Service for the underpayment of federal income
6  tax as set forth in 26 U.S.C. § 6621(a)(2). As set forth in the concurrently filed declaration of Donald
7  W. Searles, prejudgment interest in the amount of $197,030.79 is due from July 20, 2006, the last
8  date Roebuck received his ill-gotten gains, to March 1, 2010.

9  Sections 20(d)(1) of the Securities Act, 15 U.S.C. § 77t(d)(1), and 21(d)(3)(A) of the
10  Exchange Act, 15 U.S.C. § 78u(d)(3)(A), provide that the Commission may seek, and the court
11  may impose, civil monetary penalties for securities violations. If the violation "involved fraud,
12  deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" and "such
13  violation directly or indirectly resulted in substantial losses or created a significant risk of substantial
14  losses to other persons" a third tier penalty may be imposed. *See* Section 20(d)(2)(C) of the
15  Securities Act, 15 U.S.C. § 77t(d)(2)(C), and Section 21(d)(3)(B)(iii) of the Exchange Act, 15 U.S.C.
16  § 78u(d)(3)(B)(iii).

17  Here, plaintiff recommends that the maximum statutory third tier civil money penalty in the
18  amount of $130,000 be assessed against Roebuck. The assessment of a penalty in this amount is
19  appropriate because of Roebuck's central role in the pump and dump scheme, the fact that he directly
20  profited from his knowing and intentionally conduct, and that his conduct directly or indirectly
21  resulted in substantial losses of nearly $1 million by investors.

22  Accordingly,

23  IT IS HEREBY ORDERED that the Plaintiff Securities And Exchange Commission's
24  Motion for Entry of Summary Judgment Imposing Monetary Remedies Against Defendant
25  Roebuck (doc. # 45) is GRANTED.

26  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Roebuck is
27  liable for disgorgement of $993,207.00, representing profits gained as a result of the conduct

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  alleged in the complaint, together with prejudgment interest thereon in the amount of
2  $197,030.79, for a total of $1,190,237.79. Defendant shall satisfy this obligation by paying
3  $1,190,237.79 within fourteen (14) days after entry of this final judgment by certified check,
4  bank cashier's check, or United States postal money order payable to the Securities and
5  Exchange Commission. The payment shall be delivered or mailed to the Office of Financial
6  Management, Securities and Exchange Commission, Operations Center, 6432 General Green
7  Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter
8  identifying Roebuck as the defendant in this action; setting forth the title and civil action number
9  of this action and the name of this court; and specifying that payment is made pursuant to this
10 Final Judgment. The plaintiff shall remit the funds paid pursuant to this paragraph to the
11 United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts
12 pursuant to 28 U.S.C. § 1961.
13     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Roebuck
14 shall pay a civil penalty in the amount of $130,000.00 pursuant to Section 20(d) of the Securities
15 Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).
16 Defendant shall satisfy this obligation by paying $130,000.00 within fourteen (14) days after
17 entry of this final judgment by certified check, bank cashier's check, or United States postal
18 money order payable to the Securities and Exchange Commission. The payment shall be delivered
19 or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations
20 Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia
21 22312, and shall be accompanied by a letter identifying Kaiser as the defendant in this action;
22 setting forth the title and civil action number of this action and the name of this Court; and
23 specifying that payment is made pursuant to this final judgment. The plaintiff shall remit
24 the funds paid pursuant to this paragraph to the United States Treasury.
25     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all the terms of the
26 consent judgment in favor of the Securities and Exchange Commission against defendant
27 Roebuck, entered by this Court on July 14, 2008, shall remain in full force and effect.
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of this final judgment and all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, there being no just reason for delay, the clerk of the court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this final judgment forthwith.

DATED this 15th day of July, 2010.

_____
**UNITED STATES DISTRICT JUDGE**